UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ISABELLA W. WHITE, et al.,   )<br>                                                 )<br>           Plaintiffs              )<br>                                                 )<br>v.                                              )<br>                                                 )<br>SPURWINK SERVICES, INC.,  )<br>                                                 )<br>           Defendant             ) | No. 2:12-cv-117-GZS |

*MEMORANDUM DECISION ON MOTION TO STRIKE AFFIRMATIVE DEFENSE*

The plaintiffs ask this court to strike the defendant's second affirmative defense. Motion to Strike by Plaintiff[s] ("Motion") (ECF No. 9). I deny the motion.

The second affirmative defense provides, in its entirety: "Plaintiffs[] are estopped from claiming any alleged unpaid overtime by their own actions and conduct." Answer (ECF No. 4) at 3.[1] The plaintiffs point out that Maine law prohibits waiver of overtime pay rights. Motion at 1; 26 M.R.S.A. § 672. The defendant responds that it is "not claiming that Plaintiffs have waived their rights, but that they may be estopped from claiming that they are entitled to be paid for more hours than they themselves reported on their time sheets." Spurwink Services' Objection and Memorandum in Opposition to Plaintiffs' Motion to Strike ("Opposition") (ECF No. 11) at 3.

Even with the defendant's limiting description of the defense, the plaintiffs fault the defendant for failing to specify in its answer "what are the elements of its estoppel defense." Plaintiffs' Reply to Spurwink Services, Inc., Objection to Plaintiffs' Motion to Strike ("Reply")

---

[1] The first amended answer, filed after this motion was ready for decision, includes the identical affirmative defense. Answer to Amended Complaint (ECF No. 16) at 3.

(ECF No. 14) at 1.  They contend that, in order to make the defense viable, the defendant must state in its answer "what the deceit allegedly was." *Id*. at 2.  Apparently, they want the court to strike the defense because it does not allege that one or more of the plaintiffs "failed to accurately report hours allegedly worked and/or defendant was unaware that [one or more of the] plaintiffs worked the hours claimed." *Id.*

This argument elevates form over substance.  This court will hold the defendant to the limited scope it has assigned to its defense in its opposition to the motion, as set forth above.  Notably, the defendant's defense, as limited, may be successful, *McGlauflin v. RCC Atlantic, Inc.,* 269 F.R.D. 56, 57 (D. Me. 2010); courts in other jurisdictions have allowed it to be pressed when challenged.  *See, e.g., Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Robertson v. LTS Mgmt. Servs. LLC.*, 642 F.Supp.2d 922, 933 (W.D. Mo. 2008); *McGlothan v. WalMart Stores, Inc.*, No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006).  "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Rivera v. Corporacion Insular de Seguros*, 998 F.2d 1001 (table), 1993 WL 285882, at *1 (1st Cir. July 30, 1993) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (1990)).

As limited in connection with this motion, the defendant's second affirmative defense meets this standard.  The plaintiff's motion to strike is **DENIED**.

Dated this 31st day of July, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge