**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| ISABELLA W. WHITE, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SPURWINK SERVICES )<br>INCORPORATED, )<br>)<br>Defendant. )<br>) | Docket no. 2:12-cv-00117-GZS |

**ORDER & REPORT OF CONFERENCE**

In accordance with the Court's prior Order (ECF No. 32), the Court held a conference of counsel on December 10, 2012. Attorneys Donald Fontaine and Howard Reben appeared for Plaintiffs. Attorney Graydon Stevens appeared for Defendant. Following the conference, the Court hereby ORDERS that the following procedure be followed in connection with the discussed motion practice:

On or before **January 23, 2013**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this list. The Stipulated Record may include any exhibits and depositions (including any exhibits to the depositions) that all sides agree will be referenced in the statements of material fact. With respect to depositions, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the

joint record. The inclusion of any exhibit in the Stipulated Record does not prevent any party from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statements of material fact.

The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motions. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. The parties are free to submit any stipulations on or before **January 23, 2013**.

On or before **January 28, 2013**, Defendant shall file its motion for summary judgment. Defendant's motion for summary judgment shall not exceed thirty (30) pages, unless Defendant chooses to omit briefing on the uncompensated time issue, in which case Defendant's motion shall not exceed twenty (20) pages. See Local Rule 7(e).

On or before **February 19, 2013**, Plaintiffs shall file their response to Defendant's motion for summary judgment. At the conference, Plaintiffs indicated a desire to file a brief motion for summary judgment. Plaintiffs also indicated that they may desire to file a cross-motion for summary judgment on the issue of uncompensated time. Accordingly, to the extent that Plaintiffs desire to file for summary judgment on any issue, those motions shall likewise be filed by **February 19, 2013**. Plaintiffs' brief motion for summary judgment, cross-motion for summary judgment and response to Defendant's motion for summary judgment shall not exceed thirty (30) pages. See id.

On or before **March 12, 2013**, Defendant shall file its responses to Plaintiffs' brief motion for summary judgment and cross-motion for summary judgment, if one is filed. By this date, Defendant shall also file its reply in support of Defendant's motion for summary judgment. Defendant's responses and reply shall not exceed twenty (20) pages.

On or before **April 2, 2013**, Plaintiffs shall file their replies in support of their brief motion for summary judgment and cross-motion for summary judgment. Plaintiffs' replies shall not exceed ten (10) pages.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Each side may file a statement of material fact. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific citation, the Court has no duty to consider any part of the record submitted. To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.

With respect to the prior Scheduling Order deadlines (ECF Nos. 6, 10, 26), it appears that the only deadline that may remain after the anticipated motions for summary judgment is the ready for trial deadline. This deadline shall remain stayed until the Court issues its ruling on the motions for summary judgment. To the extent that any issues remain for trial at that time, the Court anticipates that this case would be placed on the next available trial list following the Court's summary judgment decisions.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 11th day of December, 2012.

3